HOLLAND v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Third Department. September 26, 1905.)

VENUE—CHANGE OF PLACE OF TRIAL—CONVENIENCE OF WITNESSES.

    Where, in an action for damages, the witnesses to the accident and the extent of the injury, except plaintiff and his servant, reside in the county where the accident occurred, the court on application should change the place of trial to such county, though the trial there would be longer delayed because of the crowded calendars and though plaintiff offered to pay the expenses of some of the witnesses to the county in which the suit was commenced.

    [Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Venue, §§ 76, 77.]

Appeal from Special Term, Albany County.

Action by James L. Holland against the New York City Railway Company. From an order denying a motion to change the place of trial, defendant appeals. Reversed.

    This action is brought by the plaintiff to recover damages for injury to an automobile, caused by having been struck by one of the defendant's cars at or about the intersection of Washington Place with Broadway, in the city of New York, upon the 2nd day of September, 1904. The plaintiff claims damages to the amount of $2,000. After issue joined defendant made this motion to change the place of trial of the action to the city of New York. This was denied by the Special Term. From the order denying the motion, the defendant has here appealed. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

James L. Quackenbush (Bayard H. Ames, of counsel), for appellant.

John A. Delehanty, for respondent.

SMITH, J. Defendant claims to have shown that the convenience of 10 witnesses will be subserved by the change of trial asked for. Some of these 10 witnesses are the defendant's employés. Three of them were passengers upon the car at the time of the accident, three of them were pedestrians upon the street, and one was a policeman, who claims to have seen the accident. In opposition to the motion, it is shown that the plaintiff was riding with his chauffeur and his wife. It is not stated that he intends to produce his wife as a witness upon the trial of the action. The plaintiff has also attempted to impair the force of the defendant's position by showing that some of the witnesses, for whose convenience the change of venue is asked, cannot be found at the addresses given in the defendant's affidavits; that others will not swear for the defendant as it is claimed; that still others are willing to come to Albany upon the trial of the action, provided their expenses are paid. Of the latter class the plaintiff will stipulate to pay the expenses of two of them to Albany. Without discussing in detail the convenience of the several witnesses, it is apparent that the convenience of substantially all of the witnesses will be subserved by the holding of this trial in the city of New York. The offer of the plaintiff to pay the expenses of two of the witnesses could hardly be accepted by the defendant, which would in such case be in a position of swearing witnesses in its behalf who were receiving favors from the plaintiff in the payment of their expenses. The expert witness, so called, having seen the machine so that he will be able to swear to the extent of damage, is not an expert within the meaning of that term as used in the cases which refuse to change the place of trial for the convenience of expert witnesses. The evidence for the plaintiff of the damage done to the machine must in all probability come from New York City, where the machine was stored after the accident, and where it was probably repaired. At least there is no claim of any witnesses in the county of Albany who will swear on behalf of the plaintiff as to the extent of damage caused by the accident. The situation is thus presented of an accident happening in the city of New York, where all the witnesses to the accident and to the extent of the injury reside, except the plaintiff and his chauffeur. It would seem to present a clear case where the discretion of the court should be exercised in directing that the trial proceed in the county of New York.

Upon the argument the plaintiff strongly urges that by reason of the crowded calendars in New York City the trial will be longer delayed, and that it is the practice of the courts to refuse to send an action for trial to the county of New York by reason of the crowded condition of the calendars of the courts. It is probably true that by reason of this fact the courts will require a stronger case for the removal of the trial of an action to New York county than to other counties where the calendars are not so congested. A stronger case could hardly be presented for the removal of an action from an interior county to the county of New York. The decisions of the courts have never gone to the extent of holding

that the venue of actions will not be changed to New York county from counties so far distant from New York as is Albany county where a strong case is presented for such change. We are of the opinion that this action should be tried in the county of New York, and that this order should be reversed.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs to abide the event of the action. All concur.